IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| WANDA COLLIER, | |
|---|---|
| Plaintiff, | Case No. 4:CV 09-596-BLW |
| v. | **MEMORANDUM DECISION AND ORDER** |
| TURNER INDUSTRIES GROUP, L.L.C., a Louisiana limited liability company; DAVID EASTRIDGE; NU-WEST INDUSTRIES, INC., a Delaware corporation, d/b/a Agrium Conda Phosphate Industries, and JACK DANIELL, an individual, | |
| Defendants. | |

## INTRODUCTION

The Court has before it a motion in limine filed by defendant Agrium. The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The factual background of this case was set forth in detail in the Court's earlier decision and will not be repeated here. Agrium seeks to exclude the testimony of Collier that (1) David Eastridge told her that "Jack [Daniell, Agrium's Maintenance Superintendent] has a gender issue with you," and that (2) "Eastridge used the phrase 'old school' when discussing Jack's attitude toward my role in the workplace." *See Collier Affidavit (Dkt. 34-2)* at p. 2, ¶ 2. Agrium also seeks to exclude testimony by Collier's

**Memorandum Decision & Order - 1**

direct supervisor, Fred Keller, that "Jack Daniell was harder on her due to the fact that she was a woman" and that Daniell was "old school." *See Keller Deposition* at pp. 43-44, 77.

The Court's earlier opinion analyzed the evidentiary issues and concluded that these statements were admissible for purposes of the summary judgment proceeding. In the present motion, Agrium does not take issue with the Court's analysis of the hearsay issues, but argues instead that "Collier cannot establish that Eastridge had the requisite personal knowledge to form an admissible opinion about whether Daniell 'had an issue' with Collier's gender" as required by Rules of Evidence 602 and 701. *See Agrium Brief (Dkt. No. 49)* at p. 2.

Agrium's motion essentially asks the Court to reconsider its prior ruling. While Collier argues that this is an improper request, the Court has the authority to reconsider an interlocutory decision such as this at any time before final judgment.

In its earlier decision, the Court discussed the Rule 602 issue, identifying evidence showing that Eastridge had numerous personal interactions with Daniell from which Eastridge could form an opinion about Daniell's attitudes. Agrium now argues that "[m]ere opportunity, however, is inadequate to establish foundation under [Rules] 602 or 701. Case law is patently clear in holding that not only must a witness have had an opportunity to observe a fact but that the witness must also have actually observed the fact." *Id*. at p. 7. Agrium points out that Eastridge has denied making these statements, and that there is no evidence showing that Eastridge had any personal knowledge of Daniell's attitudes toward female workers.

**Memorandum Decision & Order - 2**

Personal knowledge under Rule 602 does require that the witness/declarant have "had an opportunity to observe and actually observed the fact." *U.S. v Owens*, 789 F.2d 750, 753-54 (9th Cir. 1986) overruled on other grounds, 484 U.S. 554 (1988) (quoting *Advisory Committee Note to Rule 602*). As the Court discussed in detail in its earlier decision, Eastridge actually worked with Daniell and thus could observe his behavior and attitudes. That is all Rule 602 requires: "[M]ost modern authorities permit the testimony if the witness had sufficient opportunity to observe the behavior or appearance of the person whose state of mind is in issue." 27 Wright and Gold, *Federal Practice & Procedure*, § 6026 (2007) at p. 266. Agrium misreads *Owen* to create a declarant's veto – that is, to require exclusion of a statement simply because the declarant denies having made the statement and observed the fact at issue. But such a decision would be based on an implicit assumption that Eastridge was more credible than Collier and Keller, an assumption the Court cannot make. *See U.S. v. Kranovich*, 401 F.3d 1107, 1113 (9th Cir. 2005) (holding that determining the credibility of witnesses is "the exclusive province of the jury").

For all these reasons, the Court will deny Agrium's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 49) is DENIED.

      DATED:  **October 20, 2011**


_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 4**