UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA COLLIER,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>TURNER INDUSTRIES GROUP, LLC, a Louisiana limited liability company; DAVID EASTRIDGE, an individual; NU-WEST INDUSTRIES, INC., a Delaware corporation, d/b/a Agrium Conda Phosphate Industries, and JACK DANIELL, an individual,<br><br>　　　　　　Defendants. | Case No. 4:09-CV-596-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion in limine filed by defendant Turner Industries (Dkt. 48). The motion is fully briefed and at issue. For the reasons expressed below, the Court will deny the motion.

## ANALYSIS

The factual background of this case was set forth in detail in the Court's June 22, 2011 decision (Dkt. 40) and will not be repeated here. Turner seeks to exclude any statements concerning or reference to alleged statements of opinion by David Eastridge that Jack Daniell "had a gender issue" with Collier, that Daniell was harder on Collier

**MEMORANDUM DECISION AND ORDER 1**

because she was a woman, or that Daniell was "old school."  (Dkt. 48-1at p. 2).  Turner contends that these statements are not allowed pursuant to Federal Rules of Evidence 401, 402, and 403; 602; 701; and 801 and 802.  The Court's earlier opinion analyzed each of these evidentiary issues and concluded that these statements were admissible for purposes of the summary judgment proceeding.

In response to a Motion in Limine filed by defendant Agrium (Dkt. 49), the Court issued an October 20, 2011 Order (Dkt. 93) addressing whether admission of these statements was improper pursuant to Rules 602 and 701.  Rule 602 addresses the requisite level of personal knowledge required for a witness to testify as to his opinion of another.  "[M]ost modern authorities permit the testimony if the witness had sufficient opportunity to observe the behavior or appearance of the person whose state of mind is in issue."  27 WRIGHT AND GOLD, *Federal Practice & Procedure,* § 6026 (2007) at 266.  Rule 701 limits the extent to which a lay witness may testify as to his opinion of another.  The rule requires that the opinion be rationally based on the witness's perception, be helpful to clear understanding of facts at issue, and not be based on scientific, technical or specialized knowledge.  *See Gossett v. Oklahoma ex re. Bd. of Regents for Langston Univ.*, 245 F.3d 1172, 1178-80 (10th Cir. 2001) (lay witness's position as member of faculty and of university's admission committee provided sufficient opportunity for personal perception of actions of persons acting on university's behalf to support conclusion that actions taken by those persons against plaintiff were founded in gender discrimination).

**MEMORANDUM DECISION AND ORDER 2**

In its October 20 Order, the Court held the statements are properly admitted under both 602 and 701. The logic used by the Court in that Order is equally applicable to the current motion. Therefore, Turner's motion to exclude these statements or any reference to them pursuant to Federal Rules of Evidence 602 and 701 is denied.

Rule 401 defines relevant evidence, Rule 402 states that relevant evidence will be admitted, and Rule 403 allows for the exclusion of relevant evidence if its probative value is outweighed by the danger of unfair prejudice, among other reasons. Despite Turner's argument to the contrary, the Court finds this evidence is relevant. Specifically, Eastridge's opinion of Daniell makes it more probable that Daniell used his influence over Eastridge to have Collier included in the RIF because she was a woman. The Court acknowledges these opinions pose a danger of prejudice to Turner. However, as the Court acknowledged in its June 22 Order, that prejudice is diluted somewhat by Eastridge's denial that he made the statements. Moreover, the probative value of these statements is high, as they speak to a central issue of Collier's claim: whether she was included in the RIF because she was a woman. After weighing the probative value of the statements against the danger of unfair prejudice to Turner, the Court finds that the admission of the statements, or references to these statements, outweighs the danger of unfair prejudice in this instance. Therefore, Turner's Motion to Exclude these statements or references to them pursuant to Rules 401, 402 and 403 is denied.

Rule 801 defines hearsay and Rule 802 prohibits hearsay unless it falls under one of several enumerated exceptions. In its June 22 Order, the Court thoroughly examined

**MEMORANDUM DECISION AND ORDER 3**

the admissibility of these statements and held them admissible for summary judgment purposes. Specifically, the Court held that to the extent the statements are offered against Turner, they are not hearsay, but, instead, are an Admission of a Party Opponent under Rule 801(d)(2)(D) because they are statements by an employee made within the scope of his employment and during that employment. To the extent they are offered against Daniell and Agrium, they are inadmissible hearsay unless Collier is able to establish that Eastridge was an agent of Agrium, thus similarly making him a party-opponent under Rule 801(d)(2)(D). Turner argues that Collier simply cannot establish that Eastridge was Agrium's agent; however, the Court finds that argument premature. The actual determination of whether Collier can make that showing can only be made after Collier has attempted that showing by putting on testimony and admitting documents at trial which lay a foundation for a finding of agency.

For all of these reasons, the Court denies Turner's Motion in Limine.

## ORDER

In accordance with the Memorandum Decision set forth above,

IT IS HEREBY ORDERED, that the motion in limine (Dkt. 48) is DENIED.

DATED: October 28, 2011

Honorable Mikel H. Williams
United States Magistrate Judge