UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA COLLIER,<br><br>                 Plaintiff,<br><br>    v.<br><br>TURNER INDUSTRIES GROUP, L.L.C., a Louisiana limited liability company; NU-WEST INDUSTRIES, INC., a Delaware Corporation, d/b/a Agrium Conda Phosphate Industries; and JACK DANIELL, an individual,<br><br>                 Defendants. | Case No. 4:09-cv-00596-MHW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions in limine filed by Defendants Nu-West Industries, Inc. ("Agrium") and Jack Daniell. Dkts. 81 and 84. The motions are fully briefed and at issue. For the reasons expressed below, the Court will grant the motions in part.

## ANALYSIS

The factual background of this case was set forth in detail in Judge Winmill's June 22, 2011 decision (Dkt. 40) on Defendants' motions for summary judgment and will not be repeated here. Rather, the Court will presume the parties' familiarity with that decision and with the Court's subsequent decision (Dkt. 93) denying Agrium's motion to

**MEMORANDUM DECISION AND ORDER - 1**

exclude Plaintiff's testimony regarding statements made by David Eastridge and Fred Keller's testimony regarding Jack Daniell. The Court notes that the motions in limine were filed before the Court entered that subsequent decision.

1.      **Motion in Limine Regarding Status as "Employer" (Dkt. 81)**

In this motion, Agrium seeks to exclude any evidence, argument, or implication that Agrium was Plaintiff's "direct employer" or "joint employer" or that Daniell was Plaintiff's "supervisor." Agrium notes that the Court held on summary judgment that Plaintiff could proceed against Agrium with (1) a Title VII hostile work environment claim based solely on an alleged "belly bump" incident, and; (2) a Title VII interference claim based on the allegation that Daniell somehow influenced Turner's decision to eliminate her position during a reduction in force and that he did so for discriminatory reasons. Dkt. 81-1 at 3.

In order to prevail on her claims, Plaintiff must establish that Agrium is a direct employer, a joint employer with Turner, or an indirect employer in that it interfered with her employment relationship with Turner. *See E.E.O.C. v. Pacific Maritime Ass'n*, 351 F.3d 1270, 1274 (9th Cir. 2003). It is undisputed that Agrium was not Plaintiff's direct employer.

Agrium contends that Plaintiff committed herself – in her response to Agrium's summary judgment motion – to the theory that Agrium was an indirect employer by virtue of interfering with her employment relationship with Turner to the exclusion of the joint employer theory. Dkt. 81-1 at 6. Agrium also noted that Plaintiff admitted as much in

**MEMORANDUM DECISION AND ORDER - 2**

her response to the pending motion in limine. In her response to the pending motion, Plaintiff states that Agrium is "essentially correct in it summary of the claims," but she also maintains that she should be permitted to present evidence of Agrium's status as a joint employer with Turner. Dkt. 106 at 1-2.

In its reply, Agrium clarified that it seeks to limit the language used to describe the parties and their relationships and does not seek to prevent presentation of evidence on those issues. Dkt. 114 at 3. Agrium "simply asks" the Court not to permit Plaintiff or her counsel to state that Agrium was Plaintiff's employer or that Daniell was her supervisor. Dkt. 114 at 4.

While much of Plaintiff's response to the summary judgment motion related to interference, she also cited the joint employment theory of liability. *See* Dkt. 34 at 2. Judge Winmill's summary judgment order indicated that Daniell and Agrium recognized that an employee could have "joint employers" under certain circumstances. *See* Dkt. 40 at 20. However, the Order indicated that the Court could not resolve that issue on summary judgment. *Id*. at 21. It found questions of fact regarding whether Agrium and Turner were joint employers for Title VII purposes. *Id*. at 24. In other words, the Order left open the question of whether Agrium and Turner were joint employers pending presentation of evidence on the issue at trial.

The main theory of Plaintiff's case appears to be interference. However, she is not foreclosed from presenting evidence to support the joint employer theory. Nor is she foreclosed from presenting evidence to show that Daniell was her supervisor. That said,

**MEMORANDUM DECISION AND ORDER - 3**

however, the Court finds that it would be inappropriate and prejudicial for Plaintiff to utilize that terminology in opening argument or to incorporate that terminology during the questioning of witnesses.

After Plaintiff has presented all of her evidence on the employment/supervisor relationship between Agrium and herself and Daniell and herself, and if she still wishes to assert that Agrium was her joint employer and Daniell was her supervisor, the Court will excuse the jury and hear argument at that point. If the Court determines Plaintiff has made the requisite evidentiary showing, Plaintiff may argue these points during final argument.

**2. Motion in Limine to Exclude Any Reference to Turner or Eastridge as Their Agent (Dkt. 84).**

In this motion, Agrium seeks to exclude any evidence, argument, or implication to the jury that either Defendant Turner or Defendant Eastridge was an agent of either Nu-West Industries or Jack Daniell. Agrium contends that (1) the agency issue is relevant only to a preliminary evidentiary determination by the Court pursuant to Fed. R. Evid. 104(a) and 801(d)(2)(D) on the admissibility of Eastridge's hearsay statements; (2) interference with the employment relationship with Turner and not an agency relationship is determinative of liability on Title VII claims; (3) the undisputed evidence establishes that the Turner Defendants were not Agrium's agents; and (4) "significant influence" does not constitute an agency relationship.

In her response, Plaintiff agrees that no agency inquiry is required on an

interference claim and states that the Court has ruled twice that Eastridge's hearsay statement is admissible against Agrium. Plaintiff is incorrect on the latter point. Judge Winmill ruled only that the statement was admissible against Agrium only for purposes of summary judgment analysis. His decisions specifically stated on more than one occasion that the final agency determination must be made at trial based on the evidence presented by Plaintiff. Dkt. 40 at 12; Dkt. 112 at 4.

In its reply, Agrium agrees that Plaintiff is free to introduce relevant evidence on the agency issue to the Court for its determination of whether the Eastridge statement is admissible against Agrium.

Agrium also argues in its supporting memorandum that under the agency analysis, "the Court must inescapably find that the Turner Defendants were not agents of Agrium." Dkt. 84-1 at 8. The Court cannot make that finding at this time. It would appear that Agrium is asking the Court to ignore Judge Winmill's summary judgment order or is effectively bringing another dispositive motion on the agency issue. The Court will neither ignore Judge Winmill's order nor entertain a new dispositive motion. However, it will grant Agrium's motion in part.

The Court agrees that an agency analysis is irrelevant to the Title VII claims. However, it has obviously not yet heard the foundational evidence of agency from Plaintiff. Unless and until the Court finds an agency relationship existed, Plaintiff is prohibited from arguing, implying, or presenting evidence to the jury that either Turner or Eastridge were agents of Agrium or Jack Daniell. Again, when Plaintiff determines that it

**MEMORANDUM DECISION AND ORDER - 5**

has presented all of its evidence on agency, the Court will excuse the jury and hear argument from counsel.

## ORDER

**IT IS ORDERED:**

1. Nu-West's and Jack Daniell's Motion in Limine Regarding Status as "Employer" (Dkt. 81) is **GRANTED IN PART** as set forth above.

2. Nu-West's and Jack Daniell's Motion in Limine to Exclude any Reference as to Turner or Eastridge as Their Agent (Dkt. 84) is **GRANTED IN PART** as set forth above.

DATED: November 8, 2011

Honorable Mikel H. Williams
United States Magistrate Judge