UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WANDA COLLIER,<br><br>        Plaintiff,<br><br>   v.<br><br>TURNER INDUSTRIES GROUP, LLC, a Louisiana limited liability company; DAVID EASTRIDGE, an individual; NU-WEST INDUSTRIES, INC., a Delaware corporation, d/b/a Agrium Conda Phosphate Industries, and JACK DANIELL, an individual,<br><br>        Defendants. | Case No. 4:09-cv-596-MHW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion in limine filed by defendants Nu-West Industries, Inc., and Jack Daniell ("Defendants"). (Dkt. 80). The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion.

## ANALYSIS

The factual background of this case was set forth in detail in the Court's June 22, 2011 Order (Dkt. 40) and will not be repeated here. Defendants seek to exclude any statements concerning or reference to four events that they claim the Court's June 22 Order held cannot constitute or contribute to Collier's hostile workplace claim. The

**MEMORANDUM DECISION AND ORDER 1**

events are: (1) Daniell's request that Collier train employees about proper aerosol can disposal and use of face shields, (2) Daniell's anger over workplace housekeeping, (3) the "tool crib" incident, and (4) the allegation that Daniell came within several yards of Collier while she oversaw moving of some equipment.

Defendants also seek clarification from the Court that Collier's hostile workplace claim is moving forward as a single incident claim and not a totality of the circumstances claim, as Collier argues in response to this motion.

*Incidents*

In evaluating whether these three incidents were admissible to support Collier's hostile workplace claims, the Court's June 22 Order held that these incidents "do not, as a matter of law, constitute a hostile workplace." (Dkt. 40: *June 22 Order* at 22).  The Court reasoned that none of these incidents could be attributed to Collier's gender and that, therefore, Collier may not use them to support her hostile workplace claims against Turner and Agrium.  However, the Court did not evaluate whether they are admissible to support her retaliation claim.

In support of her retaliation claim, Collier must show that she suffered an adverse employment action because she opposed a practice of her employer made unlawful by Title VII, such as discrimination against an employee based on her gender.  *See* 42 U.S.C. § 2000(e)-3(a).  In order to be a protected activity, Collier's opposition must have been directed toward a discriminatory act, gender discrimination, by an employer or an agent of

**MEMORANDUM DECISION AND ORDER 2**

an employer. *EEOC v. Crown Zellerbach Corp.,* 720 F.2d 1008, 1013-1014 (9th Cir. 1983). Here, the record establishes that Collier complained of Daniell's gender discrimination at the August 4, 2008 meeting with Eastridge. That complaint is her protected activity and it was directed at her employer, as required. She made the complaint upon allegedly learning that Daniell had an issue with her gender and that he was "old school." In an October 28, 2011 Order, the Court held that, assuming a proper foundation is laid, both of these sentiments were admissible at trial. (Dkt. 112).

When deciding whether to admit evidence regarding the four incidents, the Court must first determine whether they are relevant to Collier's retaliation claim, and then weigh whether their probative value is substantially outweighed by their danger of unfair prejudice to the defendants. Leaning against a finding of relevance is Judge Winmill's earlier determination that, as a matter of law, these incidents were not related to Collier's gender. This is particularly important, as Collier's protected complaint is that she was a victim of gender discrimination. Moreover, even if they are relevant to Collier's claim, the Court finds that they could confuse the jury so as to cause unfair prejudice in a way that a limiting instruction would not be able to cure. For each of these reasons, the Court grants the defendants' motion to the extent it seeks to exclude any mention of: (1) Daniell's request that Collier train employees about proper aerosol can disposal and use of face shields, (2) Daniell's anger over workplace housekeeping, (3) the "tool crib" incident, and (4) the allegation that Daniell came within several yards of Collier while she

oversaw moving of some equipment.

*Single Incident v. Totality of the Circumstances*

In her response to this motion, Collier correctly argues that hostile workplace claims may be established either by a single incident or a totality of the circumstances. *See Harris v. Forklift Sys., Inc.,* 510 U.S. 17 (1993). In *Harris,* the Supreme Court held that "whether an environment is hostile or abusive can only be determined by looking at all the circumstances." *Id.* at 23. Relevant circumstances may include "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id.* Single incident hostile workplace claims are valid but rare. *See Brooks v. City of San Mateo,* 229 F.3d 917, 925-27 (9th Cir. 2000). No matter how the claim is brought, the analysis focuses on the discriminatory conduct.

In its June 22 Order, the Court determined that (1) Daniell's request that Collier train employees about proper aerosol can disposal and use of face shields, (2) Daniell's anger over workplace housekeeping, (3) the "tool crib" incident, and (4) the allegation that Daniell came within several yards of Collier while she oversaw moving of some equipment were not part of Collier's hostile workplace claim because they were not related to Collier's gender. The Order specifically held that "as a matter of law" these incidents cannot constitute the basis for Collier's hostile workplace claim.

Against this backdrop, the Court instructs the parties that Collier's hostile

**MEMORANDUM DECISION AND ORDER 4**

workplace claim proceeds as a single-incident claim supported by the September 10, 2008 belly-bumping incident.

## ORDER

In accordance with the Memorandum Decision set forth above,

IT IS HEREBY ORDERED, that the Motion in Limine (Dkt. 80) is GRANTED. The parties shall exclude any mention of: (1) Daniell's request that Collier train employees about proper aerosol can disposal and use of face shields, (2) Daniell's anger over workplace housekeeping, (3) the "tool crib" incident, and (4) the allegation that Daniell came within several yards of Collier while she oversaw moving of some equipment.

It is also ordered that Collier's hostile workplace claim moves forward as a single incident claim.



DATED: November 23, 2011

Honorable Mikel H. Williams
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER 5**